## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**ANSELL HEALTHCARE PRODUCTS LLC, and ANSELL PROTECTIVE PRODUCTS INC.,**

       200 Schulz Drive
       Red Bank, New Jersey 07701

                  **Counterclaimants,**

     **v.**

**TILLOTSON CORPORATION,**

                  **Counterclaim Defendant.**

**C.A.** _____

## NOTICE OF REMOVAL

    1.      Ansell Healthcare Products LLC ("Ansell Healthcare") and Ansell Protective Products Inc. ("Ansell Protective Products") (collectively "the Ansell counterclaimants") are respondents in an investigation pursuant to Section 337 of the Tariff Act of 1930, 19 U.S.C. § 1337, pending in the United States International Trade Commission ("ITC"), entitled In The Matter Of Certain Nitrile Gloves, Inv. No. 337-TA-608.

    2.      On April 3, 2008, the Ansell counterclaimants filed a Counterclaim against the complainant in the ITC proceeding, Tillotson Corporation ("Tillotson"), pursuant to 19 U.S.C. § 1337(c) and 19 C.F.R. § 210.14(e).

    3.      Pursuant to 19 C.F.R. § 210.14(e), an ITC respondent who files a counterclaim in the ITC "shall immediately file a notice of removal with a United States district court in which venue for any of the counterclaims raised by the respondent would exist under

28 U.S.C. 1391."

      4.     Venue in this District is proper under 28 U.S.C. § 1391(a)(2) because a substantial part of the events giving rise to the Counterclaim occurred in this District in the wrongful enforcement of a fraudulently procured patent in the ITC.

      5.     This Court would also have had original jurisdiction over the claims of the Ansell counterclaimants pursuant to 28 U.S.C. § 1332(a), as the Ansell counterclaimants and Tillotson are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

      6.     This Notice of Removal is timely because it was filed the day after the filing of the Counterclaim in the ITC, and the Counterclaim was filed more than ten days before the commencement of the evidentiary hearing in the ITC investigation.

      7.     A true and correct copy of the Counterclaim and the electronic filing confirmation are attached as Exhibit A hereto.

      8.     Pursuant to 28 U.S.C. § 1446(f), "the district court shall resolve such counterclaim in the same manner as an original complaint under the Federal Rules of Civil Procedure, except that the payment of a filing fee shall not be required . . . . "

DATE:   April 4, 2008

David M. Morris
D.C. Bar No. 432593
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 739-3000
Facsimile: (202) 739-3001

- 2 -

Of Counsel:

Thomas B. Kenworthy
David W. Marston Jr.
Kenneth J. Davis
Rebecca J. Hillyer
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103-2921
Telephone: (215) 963-5000
Facsimile: (215) 963-5001

*Counsel for Counterclaimants*
*Ansell Healthcare Products LLC and*
*Ansell Protective Products Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2008, I caused copies of the foregoing Notice Of

Removal to be served upon the following persons as indicated below:

### VIA HAND DELIVERY

Gilbert B. Kaplan, Esquire
Jeffrey M. Telep, Esquire
KING & SPALDING LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC  20006-4706

### VIA FIRST CLASS U.S. MAIL

Anthony B. Askew, Esquire
Katrina M. Quicker, Esquire
Thomas Lundin, Esquire
Jason M. Pass, Esquire
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309

*Counsel for Counterclaim Defendant*
*Tillotson Corporation*

_____
DAVID M. MORRIS

# EXHIBIT A

UNITED STATES INTERNATIONAL TRADE COMMISSION
WASHINGTON, D.C.
Before The Honorable Theodore R. Essex
Administrative Law Judge

In the Matter of:

**CERTAIN NITRILE GLOVES**

Investigation
No. 337-TA-608

**ANSELL HEALTHCARE PRODUCTS
LLC, and ANSELL PROTECTIVE
PRODUCTS INC.,**

Respondents/
Counterclaimants,

v.

**TILLOTSON CORPORATION,**

Complainant/
Counterclaim Defendant.

## COUNTERCLAIM

Pursuant to 19 U.S.C. § 1337(c) and 19 C.F.R. § 210.14(e), Respondents/Counterclaimants Ansell Healthcare Products LLC ("Ansell Healthcare") and Ansell Protective Products Inc. ("Ansell Protective Products") (collectively "the Ansell counterclaimants") assert this Counterclaim against Complainant Tillotson Corporation ("Tillotson") and in support hereof avers as follows:

## The Parties

1.      Ansell Healthcare is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business in Red Bank, New Jersey.

2.      Ansell Protective Products is a corporation organized and existing under the laws of the State of Delaware with a principal place of business in Red Bank, New Jersey.

3.      Tillotson is a Massachusetts corporation with a principal place of business located at One Cranberry Hill, Suite 105, Lexington, Massachusetts.

## Jurisdiction And Venue

4.      The filing of this Counterclaim in the United States International Trade Commission is authorized by 19 U.S.C. § 1337(c) and 19 C.F.R. § 210.14(e) with the proviso that the respondents/counterclaimants "shall immediately file a notice of removal with a United States district court in which venue for any of the counterclaims raised by the respondent would exist under 28 U.S.C. 1391."

5.      The Ansell counterclaimants will be removing this Counterclaim to the United States District Court for the District of Columbia.

6.      The United States District Court for the District of Columbia will have jurisdiction over this Counterclaim pursuant to 19 U.S.C. § 1337(c) and 28 U.S.C. § 1332(a), as the Ansell counterclaimants and Tillotson are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

7.    Venue in the United States District Court for the District of Columbia, is proper pursuant to 28 U.S.C. § 1391(a)(2).

## General Averments

8.    Tillotson was the owner of United States Patent No. 5,014,362 ("the Original '362 patent") which was surrendered during the reissue proceedings that led to U.S. Patent No. Re. 35,616 ("the Reissue '616 patent").

9.    Tillotson is the owner of the Reissue '616 patent.

10.    Tillotson has had a pattern of filing district court lawsuits alleging infringement of the Reissue '616 patent that are not designed to obtain an adjudication on the merits of the infringement, validity and enforceability of the Reissue '616 patent. Indeed, in many cases Tillotson does not even attempt to effect service of the complaint. Rather, Tillotson uses these lawsuits and the substantial costs that would be incurred in defending them in an effort to coerce the named defendants into agreeing to take licenses to the Reissue '616 patent. Among the persons against whom Tillotson has filed such actions are the parent and sister corporations of the Ansell counterclaimants, suppliers of the Ansell counterclaimants, and at least one customer of Ansell Healthcare.

11.    Tillotson has also directly asserted counterclaims of infringement of the Reissue '616 patent in declaratory judgment actions initiated by the Ansell counterclaimants.

12.    Additionally, Tillotson has filed and caused to be served an Amended Complaint in this Investigation alleging infringement of the Reissue '616 patent on the part

- 3 -

of the Ansell counterclaimants, their parent corporation, Ansell Ltd., their sister corporation, Ansell (Thailand) Ltd., some of their suppliers and at least one customer.

13.    At the times Tillotson initiated the litigations referred to in paragraphs 10-12 above and has continued to pursue them, Tillotson knew that the Reissue '616 patent was (a) invalid because, inter alia, the claims were in certain regards impermissibly broader in scope than claims of the Original '362 patent in derogation of 35 U.S.C. § 251, and the Reissue '616 patent is based on a defective reissue declaration; and (b) unenforceable by reason of Tillotson's fraudulent and inequitable conduct as set forth in paragraph 14 below. Tillotson's pursuit of such litigation to enforce a fraudulently procured patent has been in bad faith.

14.    Tillotson's fraudulent and inequitable conduct consists of the following:

(a)    Tillotson filed the application for a reissue patent that led to the Reissue '616 patent because, inter alia, it believed the Original '362 patent to be partly inoperative or invalid by reason of Tillotson claiming in error more than Tillotson had a right to claim in view of prior art that Tillotson claimed it was not aware of until after the Original '362 patent issued.

(b)    Pursuant to 35 U.S.C. § 251, the reissue of a defective patent to correct an error is only authorized when the error was "without deceptive intent."

(c)    In an attempt to establish that the "error" was without deceptive intent, Tillotson filed with the United States Patent and Trademark Office (the "PTO") a declaration by Neil E. Tillotson, one of the named inventors, in which Mr. Tillotson represented that during the prosecution of the Original '362 patent "neither the patent Applicant nor its attorneys

- 4 -

were aware of the prior art" that rendered the Original '362 patent partly inoperative or invalid, which included two prior art products, the Solvex® glove and the Derma-Thin™ glove.

      (d)     This representation was knowingly false.

      (e)     This representation was highly material.

      (f)     This representation was made with the intent to deceive or mislead the PTO.

      (g)     The PTO was deceived and but for this false representation the PTO would not have issued the Reissue '616 patent.

      (h)     The Solvex® and Derma-Thin™ gloves were highly material to the patentability of the Original '362 patent.

      (i)     Tillotson's knowing and intentional failure to disclose the Solvex® and Derma-Thin™ gloves during the prosecution of the Original '362 patent was with the intent to deceive or mislead the PTO.

      (j)     The PTO was deceived and had the Solvex® and Derma-Thin™ gloves been disclosed during the prosecution of the patent, the Original '362 patent would not have been allowed by the PTO in the form it was issued.

      (k)     During the prosecution of the Reissue '616 patent, Tillotson and its attorneys relied on certain test data to support claims that it was seeking in the reissue.

      (l)     Tillotson knew that this test data was unreliable, but intentionally withheld that fact from the PTO.

      (m)     The unreliability of the test data was highly material.

      (n)     The knowing and intentional withholding of the fact that the test data was unreliable was done with the intent to deceive or mislead the PTO.

- 5 -

(o)    The PTO was deceived, and but for Tillotson's intentional with-holding of the known unreliability of test data that it relied upon to support it,  claim 23 of the Reissue '616 patent would not have been allowed by the PTO.

15.    Tillotson has publicized its litigations and its coerced settlements in an attempt to induce customers not to purchase gloves from its competitors such as the Ansell counterclaimants.

16.    Through its bad faith enforcement of its invalid and fraudulently obtained Reissue '616 patent, Tillotson has caused at least one of Ansell Healthcare's suppliers to enter into a license which has directly resulted in increased costs to Ansell Healthcare.

### Count I
### Unfair Competition

17.    The Ansell counterclaimants incorporate herein by reference the aver-ments of paragraphs 1-16 above.

18.    The conduct of Tillotson as averred above constitutes unfair competition.

19.    As a result of such unfair competition, the Ansell counterclaimants have sustained and will continue to sustain injury to their business and property, including, inter alia, increased costs of supply, costs of defending against Tillotson's knowing pursuit of invalid and unenforceable claims of a fraudulently obtained patent, and costs inherent in the disruption of their businesses.

20.    Tillotson's unfair competition is knowing, willful and warrants an award of punitive damages.

### Count II
### Tortious Interference With Contract And Prospective Economic Advantage

21.    The averments of paragraphs 1-16 above are incorporated herein by reference.

22.    The improper and tortious actions as described above have interfered with existing contractual rights and prospective economic advantage of the Ansell counterclaimants.

23.    As a result of such tortious conduct, the Ansell counterclaimants have sustained and will continue to sustain injury to their business and property, including, inter alia, increased costs of supply, costs of defending against Tillotson's knowing pursuit of invalid and unenforceable claims of a fraudulently obtained patent, and costs inherent in the disruption of their businesses.

24.    Tillotson's tortious interference with the Ansell counterclaimants' contractual rights and prospective economic advantage is knowing, willful and warrants an award of punitive damages.

WHEREFORE, the Ansell counterclaimants pray for judgment against Tillotson as follows:

(a)    A permanent injunction prohibiting Tillotson from asserting or threatening to assert infringement of the Reissue '616 patent against the Ansell counterclaimants, their related corporations, their suppliers, their customers and their potential customers;

(b)    A declaration that the Reissue '616 patent was fraudulently obtained and is invalid and unenforceable;

(c)    An award of compensatory damages;

(d)    An award of punitive damages; and

(e)    The award of such further relief as the Court may deem just and proper.

DATED:    April 3, 2008

_____
Thomas B. Kenworthy
David W. Marston Jr.
Kenneth J. Davis
Rebecca J. Hillyer
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103-2921
Telephone:  (215) 963-5000
Facsimile:  (215) 963-5001

and

David M. Morris
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone:  (202) 739-3000
Facsimile:  (202) 739-3001

Counsel for Respondents/Counterclaimants
Ansell Healthcare Products LLC and
Ansell Protective Products Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2008, I caused copies of the foregoing

Counterclaim to be served upon the following persons as indicated below:

### VIA FEDERAL EXPRESS

The Honorable Theodore R. Essex     **(2 copies)**
Administrative Law Judge
U.S. INTERNATIONAL TRADE COMMISSION
500 E Street, S.W., Room 317
Washington, DC  20436

### VIA ELECTRONIC MAIL

The Honorable Marilyn R. Abbott
Secretary
U.S. INTERNATIONAL TRADE COMMISSION
500 E Street, S.W., Room 112
Washington, DC  20436

Tamara Lee, Esquire
Attorney-Advisor to
    The Honorable Theodore R. Essex
U.S. INTERNATIONAL TRADE COMMISSION
500 E Street, S.W., Room 317
Washington, DC  20436

Erin D. E. Joffre, Esquire
Office of Unfair Import Investigations
U.S. INTERNATIONAL TRADE COMMISSION
500 E Street, S.W., Room 401
Washington, DC  20436

*Commission Investigative Attorney*

Gilbert B. Kaplan, Esquire
Jeffrey M. Telep, Esquire
Matthew S. Dunne, Esquire
Taryn L. Koball, Esquire
KING & SPALDING LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC  20006-4706


Anthony B. Askew, Esquire
Katrina M. Quicker, Esquire
Jason M. Pass, Esquire
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309


Gregory C. Dorris, Esquire
PEPPER HAMILTON LLP
Hamilton Square
600 Fourteenth Street, N.W.
Washington, DC  20005-2004

*Counsel for Complainant*
*Tillotson Corporation*


Perry R. Clark, Esquire
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104-1501

*Counsel for Respondents*
*Riverstone Resources Sdn. Bhd.; Top Glove*
*Corporation Bhd.; Laglove (M) Sdn. Bhd.;*
*Kossan Rubber Industries Bhd., Ltd.;*
*Hartalega Holdings Bhd.; YTY Holdings Sdn.*
*Bhd.; JDA (Tianjin) Plastic Rubber Co. Ltd.;*
*PT Shamrock Manufacturing Corporation;*
*PT Medisafe Technologies; Latexx Partners Berhad*

- 2 -

Merritt R. Blakeslee, Esquire
DEKIEFFER & HORGAN
729 Fifteenth Street, N.W.
Suite 800
Washington, DC 20005

*Counsel for Respondent*
*Dynarex Corporation*


Rosa S. Jeong, Esquire
GREENBERG TRAURIG LLP
2101 L Street, N.W.
Suite 1000
Washington, DC 20037

*Counsel for Respondents*
*Magla Products LLC; Beijing Huateng*
*Rubber Plastic & Latex Products Co., Ltd.;*
*Liberty Glove, Inc.*


Elizabeth Borland, Esquire
SMITH, GAMBRELL & RUSSELL LLP
Promenade II, Suite 3100
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309

*Counsel for Respondent*
*Protective Industrial Products, Inc.*


Michael S. French, Esquire
WARGO & FRENCH LLP
1170 Peachtree Street, N.E.
Suite 2020
Atlanta, Georgia 30309

*Counsel for Respondent*
*Darby Group Companies, Inc.*

- 3 -

Michael J. Powell, Esquire
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, P.C.
6 Concourse Parkway
Suite 3100
Atlanta, Georgia 30328

*Counsel for Respondent*
*Delta Medical Systems, Inc.*


Daniel J. Quigley, Esquire
QUIGLEY & WHITEHILL, P.L.C.
2730 E. Broadway, #160
Tucson, Arizona 85716

*Counsel for Respondent*
*QRP, Inc.*


Maureen F. Browne, Esquire
HELLER EHRMAN LLP
1717 Rhode Island Avenue, N.W.
Washington, DC 20036

*Counsel for Respondent*
*Tronex International, Inc.*


Paul F. Brinkman, Esquire
ALSTON & BIRD LLP
950 F Street, N.W.
Washington, DC 20004

*Counsel for Respondents*
*Cardinal Health, Inc.; Cardinal Health 200,*
*Inc.; Cardinal Health Malaysia 211 Sdn. Bhd.*

- 4 -

James L. Lester, Esquire
MacCORD MASON
1600 Wachovia Tower
300 North Greene Street
Post Office Box 2974
Greensboro, North Carolina  27402

*Counsel for Respondents*
*Dentexx Nevada, Inc. and First Medica*
*Infection Control Associates, Inc.*


Scott M. Daniels, Esquire
WESTERMAN, HATTORI, DANIELS & ADRIAN, LLP
1250 Connecticut Avenue, N.W., Suite 700
Washington, DC  20036

*Counsel for Respondents*
*Smart Glove Holdings, Sdn. Bhd.;*
*Henry Schein, Inc.; HSI Gloves Inc.*


Douglas A. Frymer, Esquire
4981 Irwindale Avenue, Suite 100
Irwindale, California  91706

*Counsel for Respondent*
*Adenna Inc.*


DATED:  April 3, 2008

_____
THOMAS B. KENWORTHY

- 5 -



EDIS@usitc.gov
04/03/2008 01:12 PM

To  dmarston@morganlewis.com

cc

bcc

Subject  Accepted EDIS Document - Receipt

History:    🔁 This message has been forwarded.

## EDIS Notice of Acceptance of Electronic Documents

This message provides notice that the USITC received the following electronic document filing described by the data listed below. This notice of acceptance is limited to the format requirements of electronic filing including acceptance or rejection based on document validation. Please save this email message for your records.

Attention: This notice and any other electronic notice you receive in connection with your document submission do not constitute acknowledgement by the Commission that your submission is in compliance with the filing requirements set forth in the Commission's Handbook on Electronic Filing Procedures and Commission rule 201.8(g)(19 C.F.R. sec. 201.8(f)).

**Security: Public**

| Document Information | |
|---|---|
| Document Number | 296373 |
| Document Title | Counterclaim |
| Document Type | Other |
| Document Date | 04/03/2008 |
| Official Receive Date | 04/03/2008 1:10 PM |
| System Receive Date | 04/03/2008 1:10 PM |

| Investigation Information | Investigation Number: 337-608 |
|---|---|
| Phase | Violation |
| Area of Interest | Sec 337 |

| Submitter Information | |
|---|---|
| Filed By | David Marston |
| Firm / Organization | Morgan, Lewis & Bockius |
| Submitted By | dwmesq |
| Filed On Behalf Of | Ansell Healthcare & Ansell Protective Products |

| Order | Section ID | Filename | Section Title | Status/Description |
|---|---|---|---|---|
| 1 | 356583 | Counterclaim.PDF | Counterclaim.pdf | Succeeded |

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| ANSELL HEALTHCARE PRODUCTS LLC, and ANSELL PROTECTIVE PRODUCTS INC. | TILLOTSON CORPORATION |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Monmouth, N.J.
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    Middlesex, MA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

David M. Morris
Morgan Lewis & Bockius LLP
1111 Pennsylvania Ave., N.W.
Washington DC 20004  (202) 739-3000

ATTORNEYS (IF KNOWN)

Gilbert B. Kaplan
King & Spalding LLP
1700 Pennsylvania Ave. N.W.
Washington DC  20006  (202) 737-0500

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
◉ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ◉ 2 | ◉ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ A. Antitrust

☐ 410 Antitrust

○ B. Personal Injury/Malpractice

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ C. Administrative Agency Review

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

◉ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

19 U.S.C. §1337(c)

| ○ **G. Habeas Corpus/2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding   ◉ 2 Removed from State Court ITC   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

19 USC 1337(c) - ITC Counterclaim for Unfair Competition and Tortious Interference with Contract and Prospective Economic Advantage

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ excess of $75,000   Check YES only if demanded in complaint   JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☒   NO ☐   If yes, please complete related case form.

DATE  April 4, 2008   SIGNATURE OF ATTORNEY OF RECORD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.