## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**ANSELL HEALTHCARE PRODUCTS LLC, and ANSELL PROTECTIVE PRODUCTS INC.,**

        **Counterclaimants,**

    **v.**

**TILLOTSON CORPORATION,**

        **Counterclaim Defendant.**

**C.A. 1:08-CV-585-RMC**

## ANSELL PARTIES' OPPOSITION TO TILLOTSON CORPORATION'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER

Ansell Healthcare Products LLC and Ansell Protective Products Inc. (collectively "Ansell" or "the Ansell parties") hereby oppose Tillotson Corporation's Motion to Dismiss or in the Alternative to Transfer ("Motion"). To the extent that it seeks dismissal, Tillotson's Motion is entirely frivolous, both because Tillotson waived any right to raise this defense by failing to include it in its prior motion under Rule 12 of the Federal Rules of Civil Procedure, and because, on the merits, venue is demonstrably proper in this district under 28 U.S.C. §§ 1391(a)(1) and (2). Likewise, Tillotson's alternative request for transfer of venue should be denied because Tillotson has failed to bear its burden to establish that such relief is appropriate in this case. In addition, based on the lack of merit in Tillotson's papers, as well as its failure to meet and confer before filing, or to withdraw its motion to dismiss when given the chance, Ansell also seeks an order awarding its costs, expenses and attorneys' fees reasonably incurred in preparing this opposition.

Pursuant to LCvR 78.1, Ansell respectfully requests an oral hearing.

I.     **BACKGROUND**

On April 4, 2008, Ansell removed its original Counterclaim to this Court pursuant to 19 C.F.R § 210.14(e).  Declaration of David M. Morris in Support of Ansell Parties' Opposition to Tillotson's Motion to Dismiss or in the Alternative to Transfer ("Morris Decl."), ¶ 2.  On April 23, 2008, Tillotson filed a motion for more definite statement, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.  Id.  That motion contained no other grounds for relief, and in particular did not question the basis of the selection of this venue by the Ansell parties.  Id. Counsel for Tillotson did not seek to meet and confer with Ansell's counsel in advance of filing its motion for more particular statement, as required by LCvR 7(m), nor did counsel include in its motion a statement that the discussion required by the Local Rules had occurred.  Id.  On April 28, 2008, Ansell filed an Amended Counterclaim, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, containing very minor amendments that amounted almost entirely to facts known to Tillotson.  Id., ¶ 3; see also Exhibit A, hereto ("red-lined" version of Ansell's Amended Counterclaim).  On May 15, 2008, in response to Ansell's Amended Counterclaim, Tillotson filed a Rule 12(b)(3) motion to dismiss for improper venue, or in the alternative, to transfer pursuant to 28 U.S.C. § 1404(a).  Morris Decl., ¶ 3.  In advance of that motion, Tillotson's counsel again failed to meet and confer as required by LCvR 7(m), and counsel again did not include in its motion a statement that the required discussion had occurred.  Id.

On May 19, 2008, after reviewing Tillotson's motion papers, Ansell's counsel contacted Tillotson's counsel to meet and confer, and in particular to advise that the motion to dismiss portion of Tillotson's papers was frivolous and should be withdrawn.  Id., ¶ 4.  Through a voicemail message, Ansell's counsel explained that the motion was frivolous at least because venue was clearly proper in this district under 28 U.S.C. § 1391(a)(2), because Ansell had pled facts sufficient to establish that "a substantial part of the events . . . giving rise to the claim

occurred" in this district, and because venue was also proper under 28 U.S.C. § 1391(a)(1), because Tillotson is a corporate party that "resides" in this judicial district for purposes of venue. Id.  Ansell's counsel also noted the failure of Tillotson's counsel to meet and confer pursuant to the Local Rules in advance of filing the Motion.  Id.  Tillotson's counsel was given until May 21, 2008, to withdraw the portion of its Motion seeking dismissal and to answer Ansell's Amended Counterclaim to avoid a pursuit by Ansell of sanctions under 28 U.S.C. § 1927.  See id. Tillotson's counsel did not reply within the time provided.  Id., ¶ 5.  Instead, on May 23, 2008, Tillotson's counsel responded by letter, but did not agree to withdraw its motion to dismiss.  Id.; Letter from M. Russell Wofford, Jr. to David M. Morris, dated May 23, 2008, Exhibit B hereto. Rather, counsel professed a lack of understanding as to the bases for Ansell's positions.  Morris Decl., ¶ 5; Exhibit B.  On May 27, 2008, Ansell's counsel explained these bases and provided Tillotson with another opportunity to withdraw its motion to dismiss and to answer Ansell's Amended Counterclaim.  Morris Decl., ¶ 5.; E-Mail from David M. Morris to M. Russell Wofford, Jr., dated May 27, 2008, Exhibit C hereto.  Tillotson's counsel did not agree to do so. Morris Decl., ¶ 5.

## II.    **ARGUMENT**

Tillotson's Motion should be denied in its entirety.  The portion of the Motion seeking to dismiss for improper venue is baseless for at least three independent reasons.  First, the relief sought under Rule 12(b)(3) was waived by Tillotson when it failed to include it in its Rule 12(e) motion for more definite statement filed in response to Ansell's original Counterclaim.  Second, Tillotson's misplaced arguments to the contrary notwithstanding, venue is proper in this district under 28 U.S.C. § 1391(a)(2), because "a substantial part of the events . . . giving rise to the claim occurred in" this district.  Third, venue is proper in this district under 28 U.S.C. § 1391(a)(1), in that corporate defendant Tillotson "resides" in this district for purpose of the

statute.  See 28 U.S.C § 1391(c) (corporate defendant "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.").  Finally, Tillotson's alternative request for transfer of venue should be denied.  Tillotson has failed to meet its burden to demonstrate that Ansell's forum preference should be disregarded in this case, since the claims raised in Ansell's Amended Counterclaim have substantial and meaningful ties to this district, or that transfer should be granted.

>     **A.**     **Tillotson's Motion To Dismiss For Improper Venue Should Be Denied.**

>          1.     Tillotson Waived This Request for Relief.

In response to Ansell's original Counterclaim, Tillotson filed a motion for a more definite statement, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.  Rule 12 is clear that "[a] party waives any defense listed in Rule 12(b)(2)-(5) by omitting it from a motion in the circumstances described in Rule 12(g)(2)."  Fed. R. Civ. P. 12(h)(1)(A).  Rule 12(g)(2) provides: "Except as provided in Rule 12(h)(2) or (3) [which do not apply to a motion objecting to venue], a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."  Fed. R. Civ. P. 12(g)(2).[1]  Tillotson's present motion to dismiss, of course, is premised on Rule 12(b)(3),

---

[1]      Rule 12(h)(2) and (3) provide:

**(h) Waiving and Preserving Certain Defenses.**

>      **(2)** *When to Raise Others.* Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised:

>> **(A)** in any pleading allowed or ordered under Rule 7(a);

>> **(B)** by a motion under Rule 12(c); or

>> **(C)** at trial.

>      **(3)** *Lack of Subject-Matter Jurisdiction.* If the court determines at any time that it lacks subject-matter jurisdiction, the

and because it was available but omitted from Tillotson's prior Rule 12 motion, it was waived.
See, e.g., Martin v. Delaware Law School of Widener University, 625 F. Supp. 1288, 1296 n. 5
(D. Del. 1985) ("By filing a Motion for a More Definite Statement under Rule 12(e) prior to
filing its Motion to Dismiss, [defendant] has waived the defenses of lack of personal jurisdiction,
improper venue, and insufficient service of process.").

Significantly, this Rule also precludes the filing of a second Rule 12 motion under the
circumstances in this case, where the first motion was filed prior to an amended pleading.  "The
filing of an amended complaint will not revive the right to present by motion defenses that were
available but were not asserted in timely fashion prior to the amendment of the pleading."
Wright and Miller, Federal Practice and Procedure: Civil 3d § 1388.  See also 2-12 Moore's
Federal Practice, § 12.21 (Matthew Bender 3d ed.) ("[A]mending a complaint does not revive
omitted defenses or objections that the defendant could have raised in response to the original
complaint.").  This has been recognized by courts in this district as well.  See, e.g., Lederman v.
United States, 131 F. Supp. 2d 46, 58 (D.D.C. 2001), remanded on other grounds, 291 F.3d 36
(D.C. Cir. 2002); Weber v. Turner, No. 80-0412, 1980 U.S. Dist. LEXIS 17002, at *7 (D.D.C.
Oct. 2, 1980, revised Feb. 11, 1981) (attached as Exhibit D hereto) ("A defense available at the
time of an initial response to a pleading may not be asserted when the initial pleading is
amended.").  As the Lederman court explained:

> Pursuant to Federal Rules of Civil Procedure 12(g), (h), defendants . . . must have
> raised their service of process defense in their response to plaintiff's first
> complaint for declaratory and injunctive relief.  In response to plaintiff's original
> complaint [defendants] appeared and filed a partial motion to dismiss or for
> summary judgment, raising the Rule 12(b)(6) defense for failure to state a claim.
> Defendants did not raise the insufficient service of process defense in their initial

court must dismiss the action.

Fed. R. Civ. P. 12(h)(2) and (3).

> response, even though it is undisputed that this defense was available. . . . [Defendants] cannot maintain their improper service of process defense in response to plaintiff's amended complaint.

131 F.3d at 58.

Here, there can be no genuine dispute that Tillotson's challenge to venue was available to it in response to Ansell's original Counterclaim.  Tilotson's motion for more definite statement only purported to seek information as to which jurisdiction's substantive law applied to Ansell's claims.  And, as is clear from the red-lined version of the counterclaim in which the changes of the Amended Counterclaim are underlined (see Exhibit A), none of the changes to Ansell's counterclaim created new issues that gave rise to the venue challenge belatedly made in Tillotson's present Motion.  Rather, in response to Tillotson's motion seeking a more definite statement, Ansell merely included the location of litigations to which Tillotson is a party, facts that Tillotson necessarily already knew.  See Exhibit A ¶¶ 10-11.  The only amendment which Tillotson could even plausibly claim is relevant here is Ansell's allegation that its causes of action "arise under the laws of the District of Columbia or such other jurisdiction as the Court may determine to be appropriate." Id. ¶ 17.  However, in its Motion Tillotson asserts that this allegation provides no support for venue in this district.  See Tillotson's Mot. to Dismiss at 7 n. 6. Accordingly, Tillotson cannot contend that the amendment that added this statement provides a basis for a venue challenge that was not fully "available" when Tillotson filed its first Rule 12 motion in response to Ansell's initial Counterclaim.

If Tillotson believed that a Rule 12(b)(3) motion challenging venue was appropriate in response to Ansell's Counterclaim, it should have raised it in Tillotson's first motion under Rule 12.  Because it did not, the motion was waived.  Martin, 625 F. Supp. at 1296 n. 5.

2.    Venue Is Demonstrably Proper In This District.

In the event that the Court decides to reach the merits of Tillotson's motion to dismiss, it

- 6 -

should be denied for two independently sufficient reasons.  First, despite Tillotson's attempts to dispute it, venue is proper in this district under 28 U.S.C. § 1391(a)(2) because "a substantial part of the events . . . giving rise to the claim occurred" in this district.  Second, and ignored by Tillotson, venue is proper in this district under 28 U.S.C. § 1391(a)(1) and 1391(c), because Tillotson concededly "resides" in this district for purposes of the statute.

"In considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor."  Darby v. U.S. Dep't of Energy, 231 F. Supp. 2d 274, 276 (D.D.C. 2002).  Further, "[t]o prevail on a motion to dismiss for improper venue, a defendant must present facts sufficient to defeat a plaintiff's assertion of venue."  Id.[2]

Where jurisdiction is founded only on diversity of citizenship, as in this case, 28 U.S.C. § 1391(a) provides that venue is proper in:

(1)    a judicial district where any defendant resides, if all defendants reside in the same State,

(2)    a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or

(3)    a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

---

[2]    Tillotson asserts that Ansell bears the burden of establishing that venue is proper.  Mot. to Dismiss at 5 (citing cases).  In fact, however, the authorities in this circuit recognize that the D.C. Circuit has yet to rule on the issue, and there is a split among the other circuits, see, e.g., Davis v. American Society of Civil Engineers, 290 F. Supp. 2d 116, 121 (D.D.C. 2003) ("D.C. Circuit has not identified who bears the burden in a challenge to venue"); Flynn v. Veazey Construction Corp., 310 F. Supp. 2d 186, 190 (D.D.C. 2003) ("In this circuit, there is 'little case law on the question of where the burden of persuasion lies when a plaintiff's choice of venue is challenged.'" (citation omitted).), although some cases in this district assume that a plaintiff does bear the burden.  Given the clear support here for a conclusion that venue is proper in this district, however, the issue does not likely affect the outcome of this motion.

35 U.S.C. § 1391(a).  In this case, venue is proper in this district under 28 U.S.C. §§ 1391(a)(2) and 1391(a)(1), so Tillotson's motion to dismiss should be denied.

a.      Venue Is Proper Under 28 U.S.C. § 1391(a)(2).

Venue is proper in this district under 28 U.S.C. § 1391(a)(2), because "a substantial part of the events . . . giving rise to the claim occurred" in this district.  Ansell's Amended Counterclaim accuses Tillotson of a pattern of bad-faith assertions of its '616 Reissue patent in several fora, including Washington, D.C., in which it asserts its patent against Ansell, its parent and sister companies and their customers and suppliers.  Exhibit A, ¶¶ 10-13.  Ansell alleges that Tillotson has taken these actions while knowing that Tillotson caused the patent to be issued through false and misleading statements, and is therefore unenforceable, and despite knowing that the asserted claims are not valid.  Id. ¶¶ 13-14.  Ansell further alleges that Tillotson's actions are tortious in that Tillotson knows that its patent claims are invalid and unenforceable, but it continues to assert them so as to coerce settlements from various entities.  Id. ¶¶ 15-16.  As a central part of this campaign, Tillotson has initiated and continues to maintain a complaint in the International Trade Commission, here in this district.  Id. ¶¶ 12-13.  In addition, according to Ansell's Amended Counterclaim, Tillotson's actions have caused Ansell damages, including the "costs of defending against Tillotson's knowing pursuit of invalid and unenforceable claims of a fraudulently obtained patent."  Id. ¶¶ 16, 20 and 23.

To avoid venue in this district, Tillotson seeks to employ a "divide and conquer" strategy.  First, it points to its tortious acts that occurred outside of this district and argues that venue is improper here because Ansell has allegedly failed to plead specifically that it has suffered damages in this district that were caused by these acts.  Mot. to Dismiss at 5-6.  Tillotson cites no authority for its suggestion that allegations of local injury are required, which is not surprising

because there is no such requirement in the venue statute.[3]  All that is required is that "a substantial part" of the events occurred in this district, 28 U.S.C. § 1391(a)(2), not that a counterclaimant's injuries occurred here, or that any particular events occurred here.  See Modaressi v. Vedadi, 441 F. Supp. 2d 51, 57 (D.D.C. 2006).  In Modaressi, cited in Tillotson's brief, the defendant sought dismissal based on a theory that some of the more important facts occurred in a different forum.  Judge Bates rejected this argument:

> Defendants no doubt are correct that several key events happened in Maryland (something plaintiff does not dispute), and defendants may even be right that this suit has a closer transactional nexus with the District of Maryland than with the District of Columbia.  That argument, however, misapprehends the question of law that the Court must answer.  Nothing in section 1391(b)(2) mandates that a plaintiff bring suit in the district where the *most substantial* portion of the relevant events occurred, nor does it require a plaintiff to establish that every event that supports an element of a claim occurred in the district where venue is sought.  To the contrary, a plaintiff need only show that *"a* substantial *part* of the events or omissions giving rise to the claim occurred"* in that district. 28 U.S.C. § 1391(b)(2) . . . .

441 F. Supp. 2d at 57 (emphasis in original).  Clearly, Tillotson's attempt to create an additional "local injury" requirement in the venue statute is misplaced.

Moreover, when all of the allegations of Ansell's Amended Counterclaim are actually considered, instead of only those selected by Tillotson, it is clear that the factual premise of Tillotson's argument is simply false.  Ansell alleges tortious acts in this and other districts, including Tillotson's bad-faith assertion of its fraudulently obtained patent claims against Ansell, its parent and sister companies and their customers and suppliers.  Exhibit A, ¶ 10-13.  Ansell also alleges that it has been injured by Tillotson's tortious conduct, including sustaining the "costs of defending against Tillotson's knowing pursuit of invalid and unenforceable claims of a

---

[3]     Instead, Tillotson cites several cases for the assertion that merely speculative allegations or unsupported assertions may not be found to support venue.  Mot. to Dismiss at 6.  Since venue is premised on undisputed allegations of actions taken by Tillotson in this district, not speculative matters that may or may not have occurred, these authorities do not apply.

fraudulently obtained patent." Id. ¶¶ 16, 20 and 23.  It is certainly reasonable to infer from these allegations that Ansell has sustained injuries in this district (which it clearly has), since Ansell has had to defend against Tillotson's bad-faith ITC complaint here in Washington D.C.  See Darby, 231 F. Supp. 2d at 276 (in considering Rule 12(3) motion, the court accepts the plaintiff's well-pled factual allegation as true, and draws all reasonable inferences from those allegations in the plaintiff's favor).  Thus, even assuming that there was a need to plead an injury in this district, under the applicable case authorities, Ansell has done so.

The second step in Tillotson's strategy seeks to minimize its tortious acts that concededly were committed in this district.  While admitting that it initiated a complaint in the International Trade Commission in this district, in which it has asserted its fraudulently obtained patent against the Ansell parties, Tillotson weakly argues that these actions are "not enough" to establish venue.  Mot. to Dismiss at 6.  Tillotson is wrong.  In fact, Tillotson's complaint is a significant litigation, one in response to which Ansell has been required to expend enormous sums to defend, and one which, taking Ansell's well-pled facts as true, is based on a patent that Tillotson knows is invalid and unenforceable.  Exhibit A, ¶¶ 13-14.  As noted above, Ansell need not plead that all relevant events, or even the most substantial portion of them, transpired in this district; all that is required for venue is that "a substantial part of the events or omissions occurred" in this district.  Modaressi, 441 F. Supp. 2d at 57.

Notably, Tillotson's effort to minimize the D.C. aspects of this matter is not supported by any case authority.  The one case it cites, Crenshaw v. Antokol, 287 F. Supp. 2d 37 (D.D.C. 2003), is readily distinguishable.  In Crenshaw, the plaintiff brought suit in D.C. based on the R.I.C.O. statute, against numerous defendant parties from Indiana concerning facts that all transpired in Indiana.  Id. at 43-44.  Based on the separate venue provisions for R.I.C.O. actions

(18 U.S.C. § 1965), plaintiff argued that venue was proper in the District of Columbia for all

defendants because two of them had outpost offices in D.C. Id. at 43. The court first determined

that venue did not lie under 28 U.S.C. § 1391(b) because "all of the defendants reside in Indiana,

all of the events giving rise to the plaintiff's claims took place in Indiana, and the plaintiff could

have brought the action in Indiana." Id. at 44. In assessing the separate R.I.C.O. venue

provision, the court also declined to rely on the D.C. offices of two defendants to conclude that

venue should lie for all the other defendants, especially since venue as to all defendants was

proper in Indiana. Id.

Unlike the Crenshaw case, Ansell does not seek to rely on the mere presence in this

district of satellite offices of some parties to establish venue as to numerous remote defendants.

Instead, Ansell bases venue in this district on the substantial allegations in its Amended

Counterclaim, which are not even contested by Tillotson, that a significant portion of Tillotson's

pattern of tortious acts were performed by Tillotson in this district, and the reasonable inference

that Ansell was injured here as a result of those acts. Venue is clearly proper in this district.[4]

> b.    Venue Is Proper Under 28 U.S.C. § 1391(a)(1).

Venue is also proper in this district under 28 U.S.C. § 1391(a)(1). As a corporate

defendant, Tillotson "resides" in this district for purposes of venue. Under 28 U.S.C. § 1391(c),

"a defendant that is a corporation shall be deemed to reside in any judicial district in which it is

---

[4]    Tillotson's argument that Ansell already had an opportunity to "cure" its alleged failure to plead facts to establish venue when it filed its Amended Counterclaim, but failed to do so, is faulty for a number of reasons. For one, as noted above, Tillotson's motion for more definite statement did not contend that the basis for claiming venue was inadequate in any way. For another reason, there is no requirement to "plead" facts to establish venue. 14D Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3826 ("Venue . . . is not a matter of jurisdiction, and plaintiff is not required to include allegations showing that the district in which the action has been brought is one of proper venue under a particular statutory provision."). There is at most an obligation to adduce such facts if venue is challenged. See n. 2, supra. And in any case, Ansell clearly did plead sufficient facts to support venue, as described herein.

subject to personal jurisdiction at the time the action is commenced." 35 U.S.C. § 1391(c). In its

motion, Tillotson completely ignores this basis for venue, but it is significant that Tillotson did

not challenge this Court's assertion of personal jurisdiction over it in *either* of its Rule 12

motions, and it thereby "waive[d] any defense" of personal jurisdiction. See Fed. R. Civ. P.

12(h)(1). Since Tillotson has conceded personal jurisdiction in this judicial district, it "resides"

here for purposes of the venue statutes, and venue is therefore proper in this district under 28

U.S.C. § 1391(a)(1).

**B.    Tillotson Has Failed To Sustain Its Burden To Show That Transfer Should Be Ordered.**

Tillotson's alternative request to transfer this case is unfounded. In fact, its argument

fails even to acknowledge that it is Tillotson's burden to demonstrate that Ansell's choice of

forum should be disregarded and that transfer is proper in this case. Tillotson's cursory

argument, which omits or minimizes numerous significant considerations, wholly fails to meet

this burden.[5]

It is well-established that "[a]s the moving party, the defendant bears the burden of

establishing that the transfer of this action is proper." Greater Yellowstone Coalition v.

Bosworth, 180 F. Supp. 2d 124, 127 (D.D.C. 2001) (citing Airline Pilots Ass'n v. Eastern Air

Lines, 672 F. Supp. 525, 526 (D.D.C. 1987) (denying transfer)); Flynn v. Veazy Construction

Corp, 310 F. Supp. 2d 186, 193 (D.D.C. 2004) (denying transfer); Greater Yellowstone Coalition

v. Kempthorne, 2008 WL 1862298 at *3 (D.D.C. 2008) ("A party dissatisfied with the plaintiffs'

---

[5]    Tillotson's failure to include with its motion to transfer a certification pursuant to LCvR 7(m) that it met and conferred with Ansell's counsel prior to filing the motion provides an independent basis to deny the motion. See, e.g., United States ex rel K & R Ltd. P'ship v. Mass Hous. Fin. Agency, 456 F. Supp. 2d 46, 52 (D.D.C. 2006) ("A nondispositive motion that does not comply with the Local Rule [7(m)] will be denied."); Ellipso, Inc. v. Mann, 460 F. Supp. 2d 99, 102 (D.D.C. 2006) (same). Tillotson's disregard of the Local Rules in this district is further revealed by its identical failure to include such a LCvR 7(m) certification with its Motion for More Definite Statement.

chosen forum has the burden of demonstrating the appropriateness of transfer." (citation

omitted)). "If venue is proper, as it is here, transfer elsewhere under Section 1404(a) must be

justified by particular circumstances that render the transferor forum inappropriate by reference

to the considerations specified in that statute." Kempthorne, 2008 WL 1862298 at *3 (citation

omitted). To meet this burden, a defendant must demonstrate that the private interests of the

parties, as well as public interests such as efficiency and fairness, favor transfer. Tillotson has

failed to make such a showing.

In assessing a motion to transfer, "[t]he court must afford substantial deference to the

plaintiff's choice of forum," Bosworth, 180 F. Supp. 2d at 128 (citation omitted), which is only

mitigated where the plaintiff's choice has "no meaningful ties to the controversy and no

particular interest in the parties or the subject matter." Id. (citations omitted). As set forth

above, this forum is the site of a significant portion of Tillotson's tortious activities, as described

in Ansell's Amended Counterclaim, in that Tillotson elected to further its bad-faith litigation

campaign in the District of Columbia. While Tillotson seeks to diminish its actions here, merely

acknowledging that "there is an ITC investigation pending in the District of Columbia," Tillotson

affirmatively initiated the investigation by filing a complaint with the ITC, and has prolonged its

actions here by continuing to pursue the investigation. These acts by Tillotson are central to

Ansell's claims, and Ansell's choice of forum is therefore due "substantial deference."

Bosworth, 180 F. Supp. 2d at 128.[6] Tillotson's arguments fail to overcome Ansell's choice of

forum.

For example, Tillotson's claim that a transfer to the Northern District of Georgia will

---

[6]    Tillotson's observations that it is incorporated in Massachusetts and the Ansell parties are
incorporated in Delaware and have a place of business in New Jersey only serve to suggest that
its pursuit of a transfer to Georgia is tactical.

result in efficiency and cost savings is misleading, at best. In fact, as Tillotson fails to acknowledge, none of the litigation pending in that district involves litigation between Tillotson and the Ansell parties. The only action in that district that concerns one of the Ansell parties here (Ansell Healthcare) is a claim for indemnification by an Ansell customer; there will be no opportunity in that case for the Ansell parties to litigate the tort claims raised in their Amended Counterclaim in this Court. Moreover, Tillotson omits to mention that all of the Georgia litigation it cites has been stayed during the pendency of the ITC proceeding, including any appeal thereof. See Order Granting Unopposed Motion to Stay, dated July 6, 2007, Exhibit E hereto; In re Princo Corp., 478 F.3d 1345, 1355 (Fed. Cir. 2007) ("[28 U.S.C.] § 1659 requires that the stay of district court proceedings continue until the Commission proceedings are no longer subject to judicial review."), petition for rehearing denied, 486 F.3d 1365 (Fed. Cir. 2007). Because of this, there is no case in Georgia with which this action could be consolidated so as to bring about either efficiencies or cost savings. In addition, Tillotson's unsubstantiated claim of travel cost savings is overstated; the parties' representatives will have to travel from Massachusetts or New Jersey, respectively, whether to Georgia or the District of Columbia. The District of Columbia would actually be more convenient to the principals of both Tillotson and the Ansell parties.

Further, Tillotson's argument about where Ansell's claims "arose" is little more than a rehash of its arguments that no "substantial part" of Ansell's claim occurred here, or that this forum has "no meaningful ties" to the controversy. As noted, Ansell's Amended Counterclaim alleges, in essence, a campaign of bad-faith assertions of rights under Tillotson's '616 Reissue patent, including assertions by Tillotson in a complaint filed with the ITC in this district. Clearly, a significant portion of the facts that give rise to Ansell's claims occurred in this forum.

Moreover, Ansell's claims are alleged to arise under the laws of the District of Columbia.  Under the circumstances, Tillotson's suggestion that a court in Georgia "may be better situated" in some way to assess the merits of Ansell's claims is both unfounded and arguably insulting.

Tillotson's final point concerns the supposed convenience of prospective witnesses.[7] Significantly, Tillotson identifies no witness in Georgia, from any party or non-party to this matter, who it believes would be needed in this case and who would be inconvenienced by traveling to this district.  As the party with the burden to demonstrate that transfer is proper, Tillotson may not merely raise a possible, theoretical basis to assert inconvenience.  Instead, it must adduce some evidence to support the relief that it seeks.  See Wilderness Soc'y v. Babbitt, 104 F. Supp. 2d 10, 12 (D.D.C. 2000) ("Absent *specific facts* that would cause a district court to question plaintiffs' choice of forum, plaintiffs' choice is afforded substantial deference." (emphasis added)).  Tillotson has failed to support its request for relief.[8]

## III.    CONCLUSION

Tillotson's motion to dismiss is frivolous, both because the motion was waived by Tillotson's failure to include it in its prior motion under Rule 12 in response to Ansell's original Counterclaim and because venue is demonstrably proper in this district under both 28 U.S.C. §§ 1391(a)(2) and 1391(a)(1).  Further, Tillotson's alternative request to transfer should be denied because Tillotson has failed entirely to sustain its burden to establish that Ansell's chosen forum should be disregarded and that transfer is appropriate in this case.  In addition, because

---

[7]      In fact, Tillotson failed to address a number of the private and public considerations identified in the caselaw from this district.  See, e.g., Bosworth, 180 F. Supp. 2d at 127-28; Kempthorne, 2008 WL 1862298 at *3-6.  However, because Tillotson bears the burden to demonstrate that transfer is appropriate, any failure to address a consideration cannot weigh in favor of transfer.  See Kempthorne, 2008 WL 1862298 at *6.

[8]      Although Ansell considers that it would be improper for Tillotson to seek to support its burden on this issue by introducing new information in any reply brief, should Tillotson do so, Ansell reserves the right to seek leave to respond by sur-reply.

Tillotson's Motion amounts to an unreasonable multiplication of these proceedings under 28

U.S.C. § 1927, the Court should award Ansell its costs, expenses and attorneys' fees reasonably

incurred in opposing Tillotson's Motion

       Pursuant to LCvR 78.1, Ansell respectfully requests an oral hearing.


DATE:   May 30, 2008                                      _____/s/_____

                                          David M. Morris
                                          D.C. Bar No. 432593
                                          MORGAN, LEWIS & BOCKIUS LLP
                                          1111 Pennsylvania Avenue, N.W.
                                          Washington, DC  20004
                                          Telephone:  (202) 739-3000
                                          Facsimile:  (202) 739-3001

                                          Of Counsel:

                                          Thomas B. Kenworthy
                                          David W. Marston Jr.
                                          Kenneth J. Davis
                                          Rebecca J. Hillyer
                                          MORGAN, LEWIS & BOCKIUS LLP
                                          1701 Market Street
                                          Philadelphia, Pennsylvania  19103-2921
                                          Telephone:  (215) 963-5000
                                          Facsimile:  (215) 963-5001

                                          *Counsel for Counterclaimants*
                                          *Ansell Healthcare Products LLC and*
                                          *Ansell Protective Products Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 30, 2008, I caused copies of the foregoing Ansell Parties'

Opposition to Tillotson Corporation's Motion to Dismiss or in the Alternative to Transfer to be

served upon the following persons as indicated below:

### <u>VIA HAND DELIVERY</u>

Brian Meiners, Esquire
KING & SPALDING LLP
1700 Pennsylvania Avenue, N.W.
Suite 200
Washington, DC  20006-2706

*Counsel for Counterclaim Defendant*
*Tillotson Corporation*

DATED:  May 30, 2008                                 _____/s/_____
                                                                    David M. Morris
                                                                    D.C. Bar No. 432593
                                                                    MORGAN, LEWIS & BOCKIUS LLP
                                                                    1111 Pennsylvania Avenue, N.W.
                                                                    Washington, DC  20004
                                                                    Telephone:  (202) 739-3000
                                                                    Facsimile:  (202) 739-3001

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ANSELL HEALTHCARE PRODUCTS LLC, and ANSELL PROTECTIVE PRODUCTS INC.,**<br><br>         **Counterclaimants,**<br><br>   v.<br><br>**TILLOTSON CORPORATION,**<br><br>         **Counterclaim Defendant.** | **CASE NO.: 1:08-cv-585-RMC** |

### DECLARATION OF DAVID M. MORRIS IN SUPPORT OF ANSELL PARTIES' OPPOSITION TO TILLOTSON CORPORATION'S MOTION TO DIMISS OR IN THE ALTERNATIVE TO TRANSFER

   I, David M. Morris, declare:

   1.    1 am a lawyer in the law firm of Morgan, Lewis & Bockius LLP, and am counsel of record for Ansell Healthcare Products LLC and Ansell Protective Products Inc. (collectively "the Ansell parties") in this matter. I am licensed to practice law in the Commonwealth of Virginia and the District of Columbia, and am admitted to practice before this Court. I have personal knowledge of the facts contained in this declaration and I could and would testify competently thereto if called upon to do so.

   2.    On April 4, 2008, Ansell removed its original Counterclaim to this Court pursuant to 19 C.F.R § 210.14(e). On April 23, 2008, Tillotson Corporation ("Tillotson") filed a motion for more definite statement, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. That motion contained no other grounds for relief, and in particular did not question the basis of the selection of this venue by the Ansell parties. Counsel for Tillotson did not seek to meet and

confer with Ansell's counsel in advance of filing its motion for more particular statement, as required by LCvR 7(m), nor did counsel include in its motion a statement that the discussion required by the Local Rules had occurred.

3.      On April 28, 2008, Ansell filed an Amended Counterclaim, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, containing very minor amendments that amounted almost entirely to facts known to Tillotson. On May 15, 2008, in response to Ansell's Amended Counterclaim, Tillotson filed a Rule 12(b)(3) motion to dismiss for improper venue, or in the alternative, to transfer pursuant to 28 U.S.C. § 1404(a). In advance of that motion, Tillotson's counsel again failed to meet and confer as required by LCvR 7(m), and counsel again did not include in its motion a statement that the required discussion had occurred.

4.      On May 19, 2008, after reviewing Tillotson's motion papers, I contacted Tillotson's counsel of record, Brian Meiners, to meet and confer, and in particular to advise that the motion to dismiss portion of Tillotson's papers was frivolous and should be withdrawn. Through a voicemail message, I explained that the motion was frivolous at least because venue was clearly proper in this district under 28 U.S.C. § 1391(a)(2), since Ansell had pled facts sufficient to establish that "a substantial part of the events ... giving rise to the claim occurred" in this district, and because venue was also proper under 28 U.S.C. § 1391(a)(1), since Tillotson is a corporate party that "resides" in this judicial district for purposes of venue. I also noted the failure of Tillotson's counsel to meet and confer pursuant to the Local Rules in advance of filing the motion. Finally, I advised Mr. Meiners that the Ansell parties would provide Tillotson until May 21, 2008, to withdraw its motion to dismiss and to answer Ansell's Amended Counterclaim to avoid a pursuit of sanctions by the Ansell parties.

5.      Tillotson's counsel did not reply within the time provided and did not withdraw the motion or answer the Amended Counterclaim. Instead, on May 23, 2008, after 5:00 p.m., I received a letter from another lawyer in Mr. Meiners's firm. In that letter, Tillotson's counsel did not agree to withdraw the motion to dismiss and to file and serve an answer to Ansell's Amended Counterclaim, but instead claimed not to understand the bases for my voicemail

message. On May 27, 2008, I sent an e-mail further explaining Ansell's position, and extending

Tillotson another opportunity to withdraw its motion to dismiss and to answer Ansell's Amended

Counterclaim.   As of the filing of this declaration, Tillotson had not agreed to do so.

I declare under penalty of perjury that the foregoing is true and correct. Executed this

30th day of May, 2008, in Washington, DC.

David M. Morris

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 30, 2008, I caused the foregoing Declaration of

David M. Morris in Support of Ansell Parties' Opposition to Tillotson Corporation's Motion to

Dismiss to be served as follows:

<u>VIA **HAND DELIVERY**</u>

Brian Meiners, Esquire
KING & SPALDING LLP
1700 Pennsylvania Avenue, N. W.
Suite 200
Washington, DC 20006-2706

*Counsel for Counterclaim Defendant*
*Tillotson Corporation*

DATED: May 30, 2008                                   <u>/s/</u>
David M. Morris
D.C. Bar No. 432593
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 739-3000
Facsimile: (202) 739-3001

<u>ANSELL PARTIES' OPPOSITION TO TILLOTSON CORPORATION'S MOTION TO
DISMISS OR IN THE ALTERNATIVE TO TRANSFER</u>

EXHIBIT A

WASHINGTON, D.C.

Administrative Law Judge

| | |
|---|---|
| In the Matter of: | investigation |
| | No. 337 TA 609 |
| CERTAIN NITRILE GLOVES | |
| | |
| PRODUCTS IN: | |
| Respondents/ | |
| v. | |
| e. ., I ... . | |
| Complainant/ | |

| | |
|---|---|
| ANSELL HEALTHCARE PRODUCTS LLC and ANSELL PROTECTIVE PRODUCTS INC. | CASE NO.: 1:08 cv-585-RMC |
| 200 Schultz Driv Red Bank, New Jersey 07701 | |
| Counterclaimants, | |
| 3 | |
| TILLOTSON CORPORATION, | |
| Counterclaim Defendant. | |

AMENDED COUNTERCLAIM
Removed From The U.S. Internatinoal Trade Commission

## COUNTERCLAIM

Pursuant to 19 U.S.C. § 1337(c) and 19 C.F.R. § 210.14(e),  Respondents/Counter-claimants Ansell Healthcare Products LLC ("Ansell Healthcare") and Ansell Protective Products Inc. ("Ansell Protective Products") (collectively "the Ansell counterclaimants") assert this Counterclaim against Complainant Tillotson Corporation ("Tillotson") and in support hereof avers as follows:

### The Parties

1.    Ansell Healthcare is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business in Red Bank, New Jersey.

2.    Ansell Protective Products is a corporation organized and existing under the laws of the State of Delaware with a principal place of business in Red Bank, New Jersey.

3.    Tillotson is a Massachusetts corporation with a principal place of business located at One Cranberry Hill, Suite 105, Lexington, Massachusetts.

### Jurisdiction And Venue

4.    The original filing of this Counterclaim in the United States International Trade Commission is authorized by 19 U.S.C. § 1337(c) and 19 C.F.R. § 210.14(e) with the proviso that the respondents/counterclaimants "shall immediately file a notice of removal with a

- 2-

5.     The Ansell counterclaimants ~~will be removing~~ did immediately remove this Counterclaim ——————————                    —————————from the ITC to this Court.

6.     The United States District Court for the District of Columbia will have~~This Court has~~ jurisdiction over this Counterclaim pursuant to 19 U.S.C. § 1337(c) and 28 U.S.C. § 1332(a), as the Ansell counterclaimants and Tillotson are citizens of different states and the amount in con-troversy exceeds the sum or value of 575,000.00, exclusive of interest and costs.

7.     Venue in the United States District Court for the District of Columbia, is proper pursuant to 28 U.S.C. § 1391(a)(2).

### General Averments

Tillotson was the owner of United States Patent No. 5,014,362 ("the Original '362 patent") which was surrendered during the reissue proceedings that led to U.S. Patent No. Re. 35,616 ("the Reissue '616 patent").

9.     Tillotson is the owner of the Reissue '616 patent.

10.    Tillotson has had a pattern of filing district court lawsuits in eor is alleging in-fringement of the Reissue '616 patent that are not designed to obtain an adjudication on the merits of the infringement, validity and enforceability of the Reissue '616 patent. Indeed, in many cases Tillotson does not even attempt to effect service of the complaint. Rather, Tillotson uses these lawsuits and the substantial costs that would be incurred in defending them

in many cases Tillotson does not even attempt to effect service of the complaint. Rather,

Tillotson uses these lawsuits and the substantial costs that would be incurred in defending them

in an effort to coerce the named defendants into agreeing to take licenses to the Reissue '616

patent.  Among the persons against whom Tillotson has filed such actions are the parent and

sister corporations of the Ansell counterclaimants, suppliers of the Ansell counterclaimants, and

at least one cus-tomer of Ansell Healthcare.

11.    Tillotson has also directly asserted counterclaims of infringement of the

Reissue '616 patent in declaratory judgment actions initiated by the Ansell counterclaimants in

the United States District Court for the District of Delaware.

12.    Additionally, Tillotson has filed and caused to be served and continues to

enforce an Amended Complaint in this Investigation alleging infringement of the Reissue '616

patent on the part

of the Ansell counterclaimants, their parent corporation, Ansell Ltd., their sister corporation,

Ansell (Thailand) Ltd., some of their suppliers and at least one customer.

13.    At the times Tillotson initiated the litigations referred to in paragraphs

10-12 above and has continued to pursue them, Tillotson knew that the Reissue '616 patent was

(a) invalid because, inter alia, the claims were in certain regards impermissibly broader in scope

than claims of the Original '362 patent in derogation of 35 U.S.C. § 251, and the Reissue '616

patent is based on a defective reissue declaration; and (b) unenforceable by reason of Tillotson's

fraudulent and inequitable conduct as set forth in paragraph 14 below. Tillotson's pursuit of

such litigation to enforce a fraudulently procured patent and in articula the continued ursuit

of the ITC Invests atio  has been in bad faith.

- 4-

(a)     Tillotson filed the application for a reissue patent that led to the

Reissue '616 patent because, inter alia, it believed the Original '362 patent to be partly inopera-

tive or invalid by reason of Tillotson claiming in error more than Tillotson had a right to claim

in view of prior art that Tillotson claimed it was not aware of until after the Original '362 patent

issued.

(b)     Pursuant to 35 U.S.C. § 251, the reissue of a defective patent to

correct an error is only authorized when the error was "without deceptive intent."

(c)     In an attempt to establish that the "error" was without deceptive

intent, Tillotson filed with the United States Patent and Trademark Office (the "PTO") a decla-

ration by Neil E. Tillotson, one of the named inventors, in which Mr. Tillotson represented that

during the prosecution of the Original '362 patent "neither the patent Applicant nor its attorneys

were aware of the prior art" that rendered the Original '362 patent partly inoperative or invalid,

which included two prior art products, the Solvex $^c$ glove and the Derma-Thin$^{TM}$ glove.

the PTO.

PTO would not have issued the Reissue '616 patent.

(h)     The Solvex$^®$ and Derma-Thin$^{TM}$ gloves were highly material to the

patentability of the Original '362 patent.

(i)     Tillotson's knowing and intentional failure to disclose the Solvex[®] and Derma-Thin[TM] gloves during the prosecution of the Original '362 patent was with the intent to deceive or mislead the PTO.

(1)     The PTO was deceived and had the Solvex[®] and Derma-Thin[TM] gloves been disclosed during the prosecution of the patent, the Original '362 patent would not have been allowed by the PTO in the form it was issued.

(k)     During the prosecution of the Reissue '616 patent, Tillotson and its attorneys relied on certain test data to support claims that it was seeking in the reissue.

(l)     Tillotson knew that this test data was unreliable, but intentionally withheld that fact from the PTO.

(m)     The unreliability of the test data was highly material.

(n)     The knowing and intentional withholding of the fact that the test data was unreliable was done with the intent to deceive or mislead the PTO.

(o)     The PTO was deceived, and but for Tillotson's intentional with-holding of the known unreliability of test data that it relied upon to support it, claim 23 of the Reissue '616 patent would not have been allowed by the PTO.

15.     Tillotson has publicized <u>on the internet at least some of</u> its litigations and its coerced settlements in an attempt to induce customers not to purchase gloves from its competitors such as the Ansell counterclaimants.

16.     Through its bad faith enforcement of its invalid and fraudulently obtained Reissue '616 patent, Tillotson has caused at least one of Ansell Healthcare's suppliers to enter into a license which has directly resulted in increased costs to Ansell Healthcare.

- 6-

17.   Th ●claims asserted herein arise under the laws of the District of   olumbia or such other 'urisdiction as the Court may determine to be appropriate.

## Count I
## Unfair Competition

X18.   The Ansell counterclaimants incorporate herein by reference the aver-ments of paragraphs 1-1617 above.

1819.   The conduct of Tillotson as averred above constitutes unfair competition.

1920.   As a result of such unfair competition, the Ansell counterclaimants have sustained and will continue to sustain injury to their business and property, including, inter alia, increased costs of supply, costs of defending against Tillotson's knowing pursuit of invalid and unenforceable claims of a fraudulently obtained patent, and costs inherent in the disruption of their businesses.

2821.   Tillotson's unfair competition is knowing, willful and warrants an award of punitive damages.

## Count II
## Tortious Interference With Contract And Prospective Economic Advantage

2122.   The averments of paragraphs 1-1617 above are incorporated herein by reference.

2223.   The improper and tortious actions as described above have interfered with existing contractual rights and prospective economic advantage of the Ansell counterclaimants.

- 7-

2324.    As a result of such tortious conduct, the Ansell counterclaimants have sustained and will continue to sustain injury to their business and property, including,  <u>inter</u> alia, increased costs of supply, costs of defending against Tillotson's knowing pursuit of invalid and unenforceable claims of a fraudulently obtained patent, and costs inherent in the disruption of their businesses.

2425.    Tillotson's tortious interference with the Ansell counterclaimants' contractual rights and prospective economic advantage is knowing, willful and warrants an award of punitive damages.

WHEREFORE, the Ansell counterclaimants pray for judgment against Tillotson as follows:

(a)     A permanent injunction prohibiting Tillotson from asserting or threatening to assert infringement of the Reissue '616 patent against the Ansell counterclaimants, their related corporations, their suppliers, their customers and their potential customers;

(b)     A declaration that the Reissue '616 patent was fraudulently obtained and is invalid and unenforceable;

(c)     An award of compensatory damages;

(d)     An award of punitive damages; and

(e)     The award of such further relief as the Court may deem just and proper.

DATED:    April 3, 2008

_____

Thomas B. Kenworthy
David W. Marston Jr.
Kenneth J. Davis
Rebecca J. Hillyer
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103-2921
Telephone: (215) 963-5000
Facsimile: (215) 963-5001

and

David M. Morris
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 739-3000
Facsimile: (202) 739-3001

Counsel for Respondents/Counterclaimants
Ansell Healthcare Products LLC and
Ansell Protective Products Inc.

- 9-

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2008, I caused copies of the foregoing

Counterclaim to be served upon the following persons as indicated below:

### VIA FEDERAL EXPRESS

The Honorable Theodore R. Essex    (2 copies)
Administrative Law Judge
U.S. INTERNATIONAL TRADE COMMISSION
500 E Street, S.W., Room 317
Washington, DC 20436

### VIA ELECTRONIC MAIL

The Honorable Marilyn R. Abbott
Secretary
U.S. INTERNATIONAL TRADE COMMISSION
500 E Street, S.W., Room 112
Washington, DC 20436

Tamara Lee, Esquire
Attorney-Advisor to
    The Honorable Theodore R. Essex
U.S. INTERNATIONAL TRADE COMMISSION
500 E Street, S.W., Room 317
Washington, DC 20436

Erin D. E. Joffre, Esquire
Office of Unfair Import Investigations
U.S. INTERNATIONAL TRADE COMMISSION
500 E Street, S.W., Room 401
Washington, DC 20436

*Commission Investigative Attorney*

Gilbert B. Kaplan, Esquire
Jeffrey M. Telep, Esquire
Matthew S. Dunne, Esquire
Taryn L. Koball, Esquire
KING & SPALDING LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC 20006-4706


Anthony B. Askew, Esquire
Katrina M. Quicker, Esquire
Jason M. Pass, Esquire
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309


Gregory C. Dorris, Esquire
PEPPER HAMILTON LLP
Hamilton Square
600 Fourteenth Street, N.W.
Washington, DC 20005-2004


*Counsel for Complainant*
*Tillotson Corporation*


Perry R. Clark, Esquire
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104-1501

*Counsel for Respondents*
*Riverstone Resources Sdn. Bhd.; Top Glove*
*Corporation Bhd; Laglove (M) Sdn. Bhd.;*
*Kossan Rubber Industries Bhd., Ltd.;*
*Hartalega Holdings Bhd; Y TY Holdings Sdn.*
*Bhd.; JDA (Tianjin) Plastic Rubber Co. Ltd.;*
*PT Shamrock Manufacturing Corporation;*
*PT Medisafe Technologies; Latexx Partners Berhad*

Merritt R. Blakeslee, Esquire
DEKIEFFER & HORGAN
729 Fifteenth Street, N.W.
Suite 800
Washington, DC 20005

*Counsel for Respondent*
*Dynarex Corporation*


Rosa S. Jeong, Esquire
GREENBERG TRAURIG LLP
2101 L Street, N.W.
Suite 1000
Washington, DC 20037

*Counsel for Respondents*
*Magla Products LL C; Beijing Huateng*
*Rubber Plastic & Latex Products Co., Ltd.;*
*Liberty Glove, Inc.*


Elizabeth Borland, Esquire
SMITH, GAMBRELL & RUSSELL LLP
Promenade II, Suite 3100
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309

*Counsel for Respondent*
*Protective Industrial Products, Inc.*


Michael S. French, Esquire
WARGO & FRENCH LLP
1170 Peachtree Street, N.E.
Suite 2020
Atlanta, Georgia 30309

*Counsel for Respondent*
*Darby Group Companies, Inc.*

Michael J. Powell, Esquire
BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, P.C.
6 Concourse Parkway
Suite 3100
Atlanta, Georgia 30328

*Counsel for Respondent*
*Delta Medical Systems, Inc.*


Daniel J. Quigley, Esquire
QUIGLEY & WHITEHILL, P.L.C.
2730 E. Broadway, #160
Tucson, Arizona 85716

*Counsel for Respondent*
*QRP, Inc.*


Maureen F. Browne, Esquire
HELLER EHRMAN LLP
1717 Rhode Island Avenue, N.W.
Washington, DC 20036

*Counsel for Respondent*
*Tronex International, Inc.*


Paul F. Brinkman, Esquire
ALSTON & BIRD LLP
950 F Street, N.W.
Washington, DC 20004

*Counsel for Respondents*
*Cardinal Health, Inc.; Cardinal Health 200,*
*Inc.; Cardinal Health Malaysia 211 Sdn. Bhd.*

James L. Lester, Esquire
MacCORD MASON
1600 Wachovia Tower
300 North Greene Street
Post Office Box 2974
Greensboro, North Carolina 27402

*Counsel for Respondents*
*Dentexx Nevada, Inc. and First Medica*
*Infection Control Associates, Inc.*


Scott M. Daniels, Esquire
WESTERMAN, HATTORI, DANIELS & ADRIAN, LLP
1250 Connecticut Avenue, N.W., Suite 700
Washington, DC 20036

*Counsel for Respondents*
*Smart Glove Holdings, Sdn. Bhd.;*
*Henry Schein, Inc.; HSI Gloves Inc.*


Douglas A. Frymer, Esquire
4981 Irwindale Avenue, Suite 100
Irwindale, California 91706

*Counsel for Respondent*
*Adenna Inc.*




DATED: April 3, 2008                    _____

                                        THOMAS B. KENWORTHY

<u>ANSELL PARTIES' OPPOSITION TO TILLOTSON CORPORATION'S MOTION TO
DISMISS OR IN THE ALTERNATIVE TO TRANSFER</u>

EXHIBIT B

# KING & SPALDING

**King & Spalding LLP**
1180 Peachtree Street, NE
Atlanta, Georgia 30309-3521
Tel: (404) 572-4600
Fax: (404) 572-5100

www.kslaw.com

# FACSIMILE

*Important Notice: This facsimile transmission is intended to be delivered only to the named addressee, and may contain material that is confidential, proprietary or subject to tegat protection or privilege. If it is received by anyone other than the named addressee, the recipient should immediately notify the sender at the address and telephone number set forth herein and obtain instructions as to the disposal of the transmitted material. In no event should such material be read or retained by anyone other than the named addressee, except by express authority of the sender or she named addressee.*

---

**DATE:**   May 23, 2008 (5:01 PM)

FROMV1:   M. Russell Wofford; Jr.          110254          Our Ref. #: 13681.112009

NUMBER OF PAGES (Including Cover Page): 3

**MESSAGE:**

Please check that all pages are received. In case of problems, please call VALERIE ANDERSON at 404.572.3011.

All return telecopy messages should be sent to 404) 572-5100. Thank you.

# KING & SP-ALDING

King & Spalding LLP
1180 Peachtree Street, NP
Atlanta. Georgia 30309-3521
www.kslaw.com

M. Russell Wofford, Jr.
Direct Dial: (404) 572-4711
Direct Fm;   (404'572-,I)38
rwofford@k5law.com

May 23.2008

<u>VIA TELEFAX & U.S. MAIL</u>

David M. Morris
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004

> Re:    Ansell UealthcarelAnsell Protective Products v. Tillotson Corporation
> United States District Court, District of Columbia
> (Case No. 1:08-cv-585-RMC)

Dear David:

I write to respond to your voicemail message of May 19, 2008, to Brian Meiners of this firm.  Brian and I are working together on behalf of Tillotson Corporation in this matter, and I will file an application for pro hac admission shortly. Your voicemail raises a number of points that require a response.

First, you assert that Tillotson waived its right to file a motion to dismiss by first filing a Rule 12(e) motion for more definite statement. You apparently believe that Rule 12(e) qualifies as a responsive pleading, and that Tillotson s later filing of a Rule 12(b) motion violates Rule 12(e)'s requirement to assert such a defense "before pleading if a responsive pleading is allowed." I am aware of no authority, and you have not yet cited any, finding that Rule 12(e) motions are responsive pleadings. I am aware of two decisions strongly implying that such motions are not responsive pleadings:  <u>hJilska v. Jones,</u> 217 F.R.D. 16 (D.D.C. 2003) and <u>Phillips v.Baker,</u> 121 F.2d 752 (9th Cir. 1941). If I have overlooked any contrary authority I hope you will enlighten me.

Second, you state that venue is proper under 18 U.S.C. §§1391(a)(1) (allowing venue in "a judicial district where any defendant resides, if all defendants reside in the same State. ") You have alleged that Tillotson, the sole defendant, is a Massachusetts corporation with a principal place of business in that state as well. I do not understand how these allegations permit the conclusion that Tillotson "resides" in the District of Columbia, to which you have removed the counterclaim.

Finally, you claim that "the local rule" required a conference with you before filing Tillotson's motion to dismiss. I assume that you refer to Local Civil Rule 7(m), which requires a

05/23/2008    05:08    404-572-5138          KING & SPALDING LLP                    PAGE   03/03

David M. Morris
May 23, 2008
Page 2

conference between counsel "[b]efore filing any nondispositive motion in a civil action." Based on this language, I do not believe Tillotson to have been required to confer before filing its motion to dismiss.

   If the issues raised in your voicemail require further discussion, please contact me.


                              Sincerely,

                                 ASS

                              M. Russell Wofford, Jr.


MRW

<u>ANSELL PARTIES' OPPOSITION TO TILLOTSON CORPORATION'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER</u>

EXHIBIT C



David M. MorrislWA/MLBLaw            To   rwofford@kslaw.com

05/27/2008 12:00 PM                  cc Thomas B. Kenworthy/PH/MLBLaw@MorganLewis

                                     Subject   Ansell v. Tillotson, C.A. 1:08-CV-585-RMC

Dear Russ,

This responds to your letter of May 23, 2008, in which you respond to my voicemail message to your colleague, Brian Meiners, concerning Tillotson's recently filed motion to dismiss, or to transfer. As your letter identifies a number of issues as to which you profess a lack of understanding, I endeavor below to help clarify some of this for you.

First, your discussion about Tillotson's waiver of a Rule 12(b)(3) motion challenging venue proceeds from a faulty premise. We do not, as you conclude, believe that a motion under Rule 12(e) is a "responsive pleading." Rather, Tillotson's waiver arises from the operation of Rule 12(h)(1)(A). Under the clear language of that rule, a party waives defenses under 12(b)(2)-(5) by omitting them from a motion as described in Rule 12(g)(2). With two exceptions that clearly do not apply here, that rule prohibits a party that makes a Rule 12 motion from making another motion under the rule raising a defense or objection that was available to it when the first motion was fled.  E.g., Martin v. Delaware Law School of Wedener University, 625 F. Supp. 1288, 1296 n. 5 (D. Del. 1985). The case law cited in your letter, of course, does not hold to the contrary.  Phillips v. Baker was decided in 1941, well before the rules were amended in 1966 to add the relevant provisions. See Rule 12 Fed. R. Civ. P. Advisory Comm. Notes, 1966 Amendments. And in Hilska v. Jones, the motion to dismiss and motion for more definite statement were brought at the same time, not successively, as prohibited by Rule 12(g). Further, this waiver applies to responses after pleadings have been amended. See  Lederman v. United States, 131 F. Supp. 2d 46, 58 (D.D.C. 221); Weber v. Turner, No. 80-0412,1986 U.S. Dist. LEXIS 17002, at `7 (D.D.C. Oct. 2, 1980). We do not consider that Tillotson has any good-faith basis to contend that it could not have raised its venue challenge in its initial rule 12 motion, so the defense has been waived.

Second, you profess not to understand how venue could be proper under 28 U.S.C. § 1391(a)(1). We refer you to 28 U.S.C. § 1391(c) which concerns the residence of corporations under the venue statutes, and specifically includes "any judicial district in which [a defendant] is subject to personal jurisdiction at the time the action is commenced." Tillotson has conceded personal jurisdiction in the District of Columbia by failing to raise the defense in  eitherof its Rule 12 motions, thereby waiving the defense (for the same reasons cited above). We assume that Tillotson will not contend that it is free to file a  third Rule 12 motion challenging personal jurisdiction, but if we are not correct on this point please provide us with the authority for such a contention.

Third, in discussing Tillotson's failure to comply with LCvR 7(m), you mention only Tillotson's motion to dismiss. Your silence as to Tillotson's (1) motion for more definite statement, and (2) motion for the alternative relief of transfer, suggests that you recognize, but cannot defend, the failure to meet and confer in advance of those motions as required by the local rules. As your local lawyers likely recognize, this failure is a sufficient basis to deny Tillotson's motions.  United States ex rel K & R Ltd. P'ship v Mass. Hous. Fin. Agency, 456 F. Supp. 2d 46, 52 (D.D.C. 2006); Ellipso, Inc. v. Mann, 460 F. Supp. 2d 99, 102 (D.D.C. 2006) ("If a party files a nondispositive motion without certifying its compliance with Rule 7(m), the motion will be denied." (citation omitted)).

In my voicemail last week, I offered Tillotson the opportunity to agree to withdraw the portion of its motion seeking to dismiss Ansell's counterclaim and promptly file and serve its answer. I further advised that such an action would forestall our pursuit of sanctions. Although we have now had to expend considerable resources in preparing an opposition to Tillotson's frivolous motion papers, we renew that offer at this time. Let me know immediately whether Tillotson will agree to take these actions and to do so by close of business on May 28, 2008.

Very truly yours,

David M. Morris
Morgan, Lewis & Bockius, LLP
1111 Pennsylvania Ave., N.W.
Washington, D.C 20004
202.739.5882
1.877.432.9652 (facsimile)
dmorris@morganlewis.com

ANSELL PARTIES' OPPOSITION TO TILLOTSON CORPORATION'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER

**EXHIBIT D**

LEXSEE

Cited
As of: May 27, 2008

**WEBER,** et al. v. TURNER

No. 80-0412

United States District Court for the District of Columbia

1980 U.S. Dist. LEXIS 17002; 27 Fair Empl. Prac. Cas. (BNA) 1490

October 2,1980; Order of Reconsideration February 11, 1981

CORE TERMS: venue, judicial district, leave to amend, motive, bad faith, dilatory, freely, amend, employment discrimination, reconsideration, Civil Rights Act, employment practice, principal office

COUNSEL: [*1] Jay N. Varon, Catherine B. Klarfeld, and Carol S. Lottman, Washington, D.C., and Gary H. Simpson, Bethesda, Md., for plaintiff.

Rebecca L. Ross, Assistant U.S. Attorney for the District of Columbia, for defendant.

OPINION BY: PARKER

OPINION

PARKER, District Judge: -- On February 12, 1980, the plaintiff, Lydia Weber, an employee of the Central Intelligence Agency (CIA), brought this class action alleging discrimination based on sex against Stansfield Turner, Director of the CIA under Title VII of the Civil Rights Act of 1964. ' In a reply filed on April 14, 1980, the defendant denied all allegations of discrimination.

1   42 U.S.C 6 2000e et seq., as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. $ 2000e-16.

On July 30, 1980, the defendant moved to dismiss, or in the alternative to transfer this action to the Eastern District of Virginia because venue in this Court did not comply with the requirements of Title VII. The defendant had not raised an objection to venue in his answer. Rule 12 of the Federal Rules of Civil Procedure provides that a defense of improper venue must be raised either in a responsive pleading or by motion prior thereto.   On

August [*2] 7, 1980, a motion for leave to amend the answer was filed. This motion was intended to cure the defendant's prior failure to raise the defense of improper venue.

By stipulation of the parties, the plaintiff was given until August 22, 1980 to respond to these two motions. On August 22, 1980, plaintiff filed an opposition to both the motion for leave to amend and the motion to transfer.

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings.    That section provides, in part, that "leave shall be freely given when justice so requires." In Foman v. Davis, 371 U.S. 178 (1962), the Supreme Court interpreted the requirements of Rule 15 and held that the mandate of that rule was to be heeded absent a showing of bad faith or dilatory motive on the part of the moving party. The Court stated at page 182,

In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant... the leave sought should as the rule requires, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District  Court, but outright refusal to grant the leave without any justifying [*3] reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

There has been no showing whatsoever of bad faith or dilatory motive in this case. The defendant has not offered nor has the plaintiff in any manner suggested any apparent or declared ill motive on the part of the defendant in filing this motion. Therefore, defendant's motion for leave to amend his answer is granted.

The defendant also moved to dismiss, or in the alternative, to transfer this action to the Eastern Distract of Virginia because venue in this Court is improper. The venue requirements of actions brought under Title VII of the Civil Rights Act are clearly defined. They provide that

Such an action may be brought in any judicial district in the state in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within [*4] any such judicial district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C.   § 2000e-5(f)(3).Thus,   the Act provides four judicial districts in which employment discrimination suits may be filed. On the facts of this case, the District of Columbia is not one of these districts.

The defendant has offered the affidavit of Harry E. Fitzwater, Director of Personnel Policy, Planning and Management at the CIA to support the claim that venue in the District of Columbia is improper.   Mr. Fitzwater represented that the plaintiffs principal place of employment was in Langley, Virginia and that the CIA director's official office was also situated at that location. Based on this affidavit, it is clear that venue in the Eastern District of Virginia would be proper.

In opposition, the plaintiff contends that the CIA's actual address is in Washington, D.C.; that the director has an office there; and therefore that the District of Columbia satisfies the fourth requirement of the Title VII venue provision. This statement, however, is an unsworn and unverified assertion.   Harry Fitzwater has stated, under oath, that

[*5] In his capacity as Director of the Central Intelligence Agency his [the director's] official CIA office is located at the CIA Headquarters in Langley, Fairfax County, Virginia. z

2   Affidavit of Harry E. Fitzwater, at 1 (July 3, 1980).

Moreover, it has been recognized that an action can be brought in the district of the respondent's office only when he cannot be found in any of the other judicial districts provided.   As this Circuit Court of Appeals has stated,

Thus the intent of Congress to limit venue to the judicial districts concerned with the alleged discrimination seems clear.   Only where the putative employer cannot

be brought before the court in one of those districts may the action be filed in the judicial district in which he has "his principal office."

Stebbins v. State Farm Mutual Automobile Insurance Company, 413 F.2d 1100, 1102, 1 FEP Cases 745, 71 LRRM 2283 (D.C. Cir., 1969).   Since Stansfield Turner can be found in the judicial district where the employment discrimination occurred and where the relevant records are kept, this action must be transferred to that judicial district.

Therefore, it is the 2nd day of October, 1980,

ORDERED that the defendant's [*6]     motion to amend his answer is granted; and it is

FURTHER ORDERED that the defendant's motion to transfer this action to the Eastern District of Virginia pursuant to 28 U.S.C. § 1406(a) is granted; and it is

FURTHER ORDERED that the Clerk of this Court shall transmit all records and papers in this action to the Clerk of the United States District Court for the Eastern District of Virginia, together with a certified copy of this Order.

Order of Reconsideration

This matter concerns the plaintiffs motion for reconsideration of an earlier Order entered on October 2, 1980, transferring this proceeding to the Eastern District of Virginia for lack of proper venue pursuant to Rule 12(h), Federal Rules of Civil Procedure.  Plaintiff reasserts that transfer was improper because the defendant failed to raise a seasonable objection to venue in his initial answer and thus incurably waived any objection under the Rule. The Court has considered the memoranda of the parties and concludes that plaintiffs motion to reconsider should be granted.

It is  well settled that leave to amend a pleading should be freely granted and that amendments may be sought to state additional claims or additional [*7] affirmative defenses, 3 Moore's Federal Practice, P15.08[3] (1979 ed.).   Such amendments, however, only permit assertion of defenses which were not available at the time of an initial response.   Here the defendant waited several  months after an answer was filed before he sought to present the issue by an amended answer.   A defense available at the time of an initial response to a pleading may not be asserted when the initial pleading is amended.   Rauch v._{Day}& Night Mfg. Corp., 576 F.2d 697, 700 (6th Cir. 1978);  Rowley v. McMillan, 502 F.2d 1326, 1333 (4th Cir. 1974);  Konigsburg v. Shute, 435 F.2d 551, 552 (3rd Cir. 1970).

Accordingly, it is this 11th day of February, 1981

1980 U.S. Dist. LEXIS 17002, *; 27 Fair Empl. Prac. Cas. (BNA) 1490

ORDERED that the Court's Order of transfer dated October 2, 1980, is vacated and set aside, and it is

FURTHER ORDERED that the defendant's motion to amend the answer, insofar as it relates to the issue of venue. is denied: and it is

FURTHER ORDERED that the defendant shall respond to the plaintiffs motion for designation of this suit as a class action, filed May 7, 1980, by February 17, 1981, and it is

FURTHER ORDERED that all discovery in this case shall be completed by July 17, 1981. The Court will [*8]  hold a status call on August 7, 1981 at 10:00 a.m.

The pretrial conference for this case will be held on September 25, 1981 at 10:00 a.m. and trial will commence on November 9, 1981 at 10:00 a.m. in Courtroom No. 19.

Order

This matter having been presented to the Court on the defendant's Motion to Transfer pursuant to 28 U.S.C. § 1404(a) and the Court having considered the Motion and the memoranda filed by the parties, it is hereby

ORDERED, ADJUDGED and DECREED this 11th day of February, 1981, that defendant's Motion to Transfer be denied.

<u>ANSELL PARTIES' OPPOSITION TO TILLOTSON CORPORATION'S MOTION TO
DISMISS OR IN THE ALTERNATIVE TO TRANSFER</u>

EXHIBIT E

FLED 9N CHAMBERS
U.S.D.C. Rome

JUL 0 6 Z C

JAMES N. HATTEN, Clerk
By: _____
                    Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

TILLOTSON CORPORATION, d/bla    )
BEST MANUFACTURING COMPANY,    )

      Plaintiff,    )

      v.    )    CIVIL ACTION NO.
                         4:05-CV-118-RLV

SHIJIAZHAUNG HONGRAY PLASTIC )
PRODUCTS LTD.; GLOVECO, INC.    )
SAS SAFETY CORP.; PERMATEX,    )
INC.; AMERCARE, INC.; ISLAND    )
DENTAL CO., INC.; and DARBY    )
GROUP COMPANIES, INC.,    )

      Defendants and    )
      Third-Party Plaintiffs,    )

      v.    )

ANSELL HEALTHCARE PRODUCTS    )
LLC, CARDINAL HEALTH 200, INC.,    )
MYDENT INTERNATIONAL CORP.,    )
KNK MEDICAL DENTAL    )
SPECIALTIES, LTD., AND SUPERMAX )
INCORPORATED CORP.,    )

      Third-Party Defendants.    )

## ORDER GRANTING UNOPPOSED MOTION TO STAY

This matter having come before the Court on the Defendants' Unopposed

Motion to Stay Proceedings, and the Court having read and considered the same,

and for good cause shown, IT IS HEREBY ORDERED that all matters, issues, and

proceedings in this action before this Court shall be stayed until the determination

of the United States International Trade Commission in the proceeding styled *In*

*the Matter of Certain Nitrile Gloves,* Inv. No. 337-TA-608 becomes final.

      IT IS SO ORDERED, this ███████ day of ███████ , 2007. ██

nited States District Court Judge

5494%l

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ANSELL HEALTHCARE PRODUCTS LLC, and ANSELL PROTECTIVE PRODUCTS INC.,**<br><br>　　　　　**Counterclaimants,**<br><br>　　**v.**<br><br>**TILLOTSON CORPORATION,**<br><br>　　　　**Counterclaim Defendant.** | **C.A. 1:08-CV-585-RMC** |

**[PROPOSED] ORDER DENYING TILLOTSON CORPORATION'S MOTION TO
DISMISS OR IN THE ALTERNATIVE TO TRANSFER**

　　　　THIS MATTER is before the Court on Counterclaim Defendant Tillotson Corporation's

Motion to Dismiss for Improper Venue or in the Alternative to Transfer.  Upon consideration of

submissions of the parties, and argument of counsel, if any, it is ORDERED that the motion be,

and hereby is, DENIED.

　　　　In addition, the Court finds that the Ansell parties are entitled to an award of costs,

expenses and attorneys' fees reasonably expended in opposing Tillotson's Motion to Dismiss for

Improper Venue or in the Alternative to Transfer.  Within 10 days from the entry of this Order,

the Ansell parties shall file a declaration to document their costs, expenses and fees so expended.

　　　　It is SO ORDERED.

　　　　Dated: _____, 2008

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　Rosemary M. Collyer
　　　　　　　　　　　　　　　　　　　United States District Judge