IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANSELL HEALTHCARE PRODUCTS, )<br>LLC, and ANSELL PROTECTIVE )<br>PRODUCTS, INC., )<br>)<br>Counterclaimants, )<br>)<br>v. )<br>)<br>TILLOTSON CORPORATION, )<br>)<br>Counterclaim Defendant. )<br>_____ ) | C.A. 1:08-CV-00585-RMC |

## TILLOTSON CORPORATION'S ANSWER TO PLAINTIFFS' AMENDED COUNTERCLAIM

In accordance with Rules 8(b) and 12 of the Federal Rules of Civil Procedure, Counterclaim Defendant Tillotson Corporation ("Tillotson"), by and through its attorneys, answers Counterclaimants' Amended Counterclaim ("Counterclaim") [D.E. 5] as follows:

### The Parties

1.  Tillotson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and therefore denies them.

2.  Tillotson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies them.

3.  Paragraph 3 is admitted.

### Jurisdiction and Venue

4.  The allegations in Paragraph 4 assert a legal conclusion and therefore no response is required. To the extent that Paragraph 4 purports to contain factual allegations, including the

fact that venue is proper in the United States District Court for the District of Columbia, Tillotson denies the allegations.

5. Paragraph 5 is admitted.

6. Tillotson admits that the Court has jurisdiction pursuant to 19 U.S.C. § 1337(c). Tillotson is without knowledge or information sufficient to form a belief as to the remainder of the allegations in Paragraph 6 and therefore denies them.

7. Paragraph 7 is denied.

### General Averments

8. Paragraph 8 is admitted.

9. Paragraph 9 is admitted.

10. Tillotson admits that it filed suit against several parties, including at least one of Ansell's customers, the Darby Group, in the Northern District Court of Georgia alleging infringement of United States Patent No. Re. 35,616 (the "'616 patent"). Tillotson denies the remainder of the allegations in Paragraph 10.

11. Paragraph 11 is admitted.

12. Paragraph 12 is admitted.

13. Paragraph 13 is denied.

14. The allegations in Paragraph 14(b) assert legal conclusions and therefore no response is required. Paragraph 14(k) is admitted. Tillotson denies the remaining allegations in Paragraph 14, including subparagraphs 14(a), 14(c) through 14(j), and 14(l) through 14(o).

15. Paragraph 15 is denied.

16. Paragraph 16 is denied.

17. The allegations in Paragraph 17 assert a legal conclusion and therefore no response is required. To the extent Paragraph 17 contains factual allegations, Tillotson is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

## Count I
### Unfair Competition

18. Tillotson incorporates herein by reference each of the answers to the allegations contained in the proceeding paragraphs of this Answer.

19. Paragraph 19 is denied.

20. Paragraph 20 is denied.

21. Paragraph 21 is denied.

## Count II
### Tortious Interference and Prospective Economic Advantage

22. Tillotson incorporates herein by reference each of the answers to the allegations contained in the proceeding paragraphs of this Answer.

23. Paragraph 23 is denied

24. Paragraph 24 is denied.

25. Paragraph 25 is denied.

### Allegations Concerning Prayer for Relief

Tillotson denies that Ansell is entitled to any of the relief requested in the unnumbered "WHEREFORE" paragraph, including subparagraphs (a) through (e).

## Defenses

Without assuming the burden of pleading or proof where it otherwise rests with the Counterclaimants, Tillotson pleads the following defenses:

### First Defense

The Counterclaim fails, in whole or in part, to state a claim upon which relief can be granted. See FED. R. CIV. P. 12(b)(6).

### Second Defense

Venue in the United States District Court for the District of Columbia is improper.

### Third Defense

Counterclaimants are barred from seeking recovery against Tillotson based on this Counterclaim pursuant to the doctrines of res judicata and/or collateral estoppel, and/or the prohibition on double recovery for the same injury.

### Fourth Defense

Any and all actions taken by Tillotson with respect to any of the matters alleged in the Counterclaim were taken in good faith and in accordance with its First Amendment rights.

### Fifth Defense

Any and all actions taken by Tillotson with respect to any of the matters alleged in the Counterclaim are protected by the Noerr-Pennington Doctrine.

### Sixth Defense

Any and all actions taken by Tillotson with respect to any of the matters alleged in the Counterclaim were taken in good faith and in accordance with industry practice and in compliance with any and all applicable federal statutory and regulatory provisions.

### Seventh Defense

Counterclaimants' claims are barred, in whole or in part, because any injuries Counterclaimants suffered were the result of Counterclaimants' own conduct or the intervening or superseding conduct of third parties.

### Eighth Defense

Counterclaimants' claims are barred, in whole or in part, to the extent that Counterclaimants failed to mitigate their damages, and their failure to mitigate damages should reduce the recovery of such damages and the allocation of fault, if any exists, attributable to Tillotson.

### Ninth Defense

Counterclaimants' claims are barred, in whole or in part, because the alleged damages, if any, are too speculative to ascertain.

### Tenth Defense

Counterclaimants are not entitled to recover special, incidental, or consequential damages.

### Eleventh Defense

Tillotson's statements or actions in obtaining and enforcing the '616 patent were not the proximate cause or cause in fact of any injury to or alleged loss by Counterclaimants.

### Twelfth Defense

Counterclaimants' prayer for injunctive relief is barred, in whole or in part, because it would represent an unconstitutional prior restraint, and would be unconstitutionally vague and ambiguous.

### Thirteenth Defense

Counterclaimants' claims are barred by the doctrine of unclean hands.

### Fourteenth Defense

As to Counterclaimants' demand for punitive damages, the basis for which is denied, Tillotson incorporates by reference all standards and limitations regarding the determination and enforceability of punitive damage awards under Philip Morris USA v. Williams, 127 S. Ct. 1057 (2007); State Farm Mut. Auto Ins. Co. v. Campbell, 538 U.S. 408 (2003); Cooper Ind., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001); and BMW of North America v. Gore, 517 U.S. 559 (1996).

Tillotson reserves the right to plead additional defenses that may become known during the pendency of this action.

This 13th day of August, 2008.

KING & SPALDING LLP

/s/ Brian R. Meiners
Brian R. Meiners (D.C. Bar No. 482039)

KING & SPALDING LLP
1700 Pennsylvania Avenue, N.W.
Suite 200
Washington, DC 20006-2706
Telephone: (202) 626-2910

/s/ Asha C. Jennings
M. Russell Wofford, Jr. (Admitted *Pro Hac Vice*)
Stephen P. Cummings (Admitted *Pro Hac Vice*)
Asha C. Jennings (Admitted *Pro Hac Vice*)

1180 Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 572-4711

*Counsel for Counterclaim Defendant*
*Tillotson Corporation*

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANSELL HEALTHCARE PRODUCTS LLC, and ANSELL PROTECTIVE PRODUCTS INC., <br><br> Counterclaimants, <br><br> v. <br><br> TILLOTSON CORPORATION, <br><br> Counterclaim Defendant. | C.A. 1:08-CV-585-RMC |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Tillotson Corporation's Answer to Plaintiffs' Amended Counterclaim was served on counsel of record, via electronic file and serve, this 13th day of August, 2008.

/s/ Brian R. Meiners
Brian R. Meiners (D.C. Bar No. 482039)

KING & SPALDING LLP
1700 Pennsylvania Avenue, N.W.
Suite 200
Washington, DC 20006-2706
Telephone: (202) 626-2910

/s/ Asha Camille Jennings
M. Russell Wofford, Jr. (Admitted *Pro Hac Vice*)
Stephen P. Cummings (Admitted *Pro Hac Vice*)
Asha C. Jennings (Admitted *Pro Hac Vice*)

KING & SPALDING LLP
1180 Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 572-4711

*Counsel for Counterclaim Defendant Tillotson Corporation*